IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOLANDA PAYNE,

    Plaintiff,   No. CIV S-10-0475 KJM-EFB

    vs.

HUHTAMAKI COMPANY MANUFACTURING,

    Defendant.   <u>ORDER</u>

_____/

    This matter comes before the court upon plaintiff's motion for an extension of time to file a notice of appeal filed on August 15, 2011.  (ECF 30.)  Defendant filed an opposition on August 31, 2011.  (ECF 36.)  This motion was noticed for hearing on September 14, 2011; however, the court finds this motion appropriately submitted on the papers and hereby VACATES the September 14, 2011 hearing.

    The Federal Rules of Appellate Procedure provide that "[t]he district court may extend the time to file a notice of appeal if: (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."  FED. R. APP. P. 4(a)(5)(A).

////+

Judgment was entered in this case on June 16, 2011 and served on the parties on June 17, 2011. (ECF 25.) Plaintiff moved for an extension of time to file an appeal within thirty days after the time prescribed by Federal Rule of Appellate Procedure 4(a)(1) expired. FED. R. APP. P. 4(a)(5). According to Federal Rule of Appellate Procedure 4(a)(5), the court can extend the time to file a notice of appeal if plaintiff so moved within sixty days of June 16, 2011; as plaintiff so moved on August 15, 2011, his motion falls within that sixty-day period, having been filed on the sixtieth day.

To determine whether plaintiff has shown excusable neglect, the court considers "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Defendant contends plaintiff's neglect was inexcusable, as plaintiff has not sufficiently accounted for lapses of time or explained why the notice of appeal was not filed within thirty days in order to preserve the right to appeal, with or without appellate counsel having been found. (ECF 36 at 5.) However, the court finds that plaintiff has shown excusable neglect. As the Supreme Court found, "the determination is at bottom an equitable one." *Pioneer*, 507 U.S. at 595. Although "clients must be held accountable for the acts and omissions of their attorneys," *id*. at 396, it would be inequitable to prohibit plaintiff from pursuing an appeal where her counsel admits "she may not have been aware of the 30 days window in which she had to file the Notice of Appeal." (ECF 31 at 5.) Defendant's contention that plaintiff's counsel could very well have filed a notice of appeal within the thirty-day window in order to preserve her right to appeal is well-taken; however, this lapse on the part of plaintiff's counsel does not tip the scales of equity against allowing this late filing. The court finds no extraordinary danger of prejudice to the non-moving
/////

2

1  party, that the length of delay was short, and that the reason for the delay is excusable and not
2  rooted in bad faith.  Therefore, plaintiff has shown excusable neglect.
3       Plaintiff shall notice her appeal with this court by or before September 9, 2011.
4       IT IS SO ORDERED.
5  DATED: September 2, 2011.

_____
UNITED STATES DISTRICT JUDGE